UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CURTIS LEE GREEN JR | CIVIL ACTION NO. 25-cv-1494 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| PRICE GREGORY INTERNATIONAL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Curtis L. Green ("Plaintiff"), who is self-represented, filed this civil action against his former employer, Price Gregory International ("PGI"). Before the court is PGI's Motion to Dismiss (Doc. 6) that argues the complaint should be dismissed (1) for failure to state a claim on which relief may be granted and (2) because it is untimely. The motion was noticed for briefing, but Plaintiff has not filed any response. For the reasons that follow, it is recommended that the motion to dismiss be granted for failure to state a claim on which relief may be granted.

**The Complaint**

Plaintiff filed his complaint on a form designed by the court system for assertion of an employment discrimination claim by a pro se plaintiff. Plaintiff listed one defendant, PGI, and checked a box to indicate that the action is brought for employment discrimination under Title VII. Part III of the form asks a plaintiff to write "a short and plain statement of the claim" that states briefly the facts showing that the plaintiff is entitled to the damages or other relief sought. The instructions state that the plaintiff is also to state how each

defendant was involved and what each defendant did that caused the plaintiff harm or violated his rights, including the dates and places of the relevant conduct.

Plaintiff checked a box to indicate that the conduct of which he complained was "termination of my employment" and wrote that the dates on which the alleged discriminatory acts occurred were "01/10/26 and 01/17/26" (dates that are in the future). He checked a box to indicate that the discrimination against him was based on race, but he did not complete the blank beside that item to indicate his race.

The final section of Part III instructs, "The facts of my case are as follows." A large space is provided, and the instructions state that additional pages may be attached if needed. Plaintiff wrote nothing in this space. He instead jumped straight to relief and damages sought. He wrote that he seeks judgment against PGI for wrongful termination that occurred on January 17, 2025. He lists his categories of damages as backpay, front pay, compensatory damages for emotional distress, punitive damages, and attorney's fees. Plaintiff attached a notice of right to sue that was issued by the EEOC, but the notice contains no facts that describe the nature of the allegations Plaintiff made in the agency proceedings.

**Analysis**

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted

by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to" state a valid claim. Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Title VII prohibits discrimination on the basis of race. A plaintiff does not have to make out a prima facie case of discrimination under the McDonnell Douglas test to survive a Rule 12(b)(6) motion to dismiss, but he must plead sufficient facts on all of the ultimate elements of a Title VII claim to make his case plausible. Cicalese v. Univ. of Texas Med. Branch, 924 F.3d 762, 766 (5th Cir. 2019). The complaint must plausibly set out facts that the defendant took an adverse employment action against a plaintiff because of a protected status. Accordingly, a plaintiff must allege facts, direct or circumstantial, that would suggest the employer's actions were based on the plaintiff's protected status. Sanchez v. Chevron N. Am. Expl. & Prod. Co., 2021 WL 5513509, **5-6 (5th Cir. 2021).

For example, in Swierkiewicz v. Sorema N. A., 122 S. Ct. 992, (2002), the Court held that the complaint satisfied the pleading requirements because it gave the defendant fair notice of the basis of the claims. The plaintiff alleged that he had been terminated on account of his national origin in violation of Title VII. His complaint detailed the events leading to his termination, provided relevant dates, and included the nationalities of some of the relevant persons involved with the termination.

Plaintiff's complaint does not provide facts that explain how his termination was allegedly based on his race. Plaintiff was directed in clear language to state facts to support his claims, and he completely failed to do so. The best he offered was some checked boxes with no explanation of the relevant facts. There is nothing in the meager offerings in his

complaint that asserts a plausible claim against PGI. There is not even the barest hint of how PGI communicated or dealt with Plaintiff with respect to his termination.

Plaintiff asserts that PGI violated Title VII, but mere conclusory allegations, naked assertions without any factual enhancement, or formulaic recitations of a cause of action are not enough to survive review under the Twombly standard. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Twombly "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Plaintiff's conclusory allegations are not sufficient to state a plausible claim on which relief may be granted, so his complaint should be dismissed. Because the complaint fails to state a viable claim, the court need not address the timeliness defense raised in PGI's motion to dismiss.

Accordingly,

It is recommended that this civil action be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of November, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge